IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELIOS SOFTWARE, LLC and PEARL SOFTWARE, INC., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 11-1259-LPS |
| AWARENESS TECHNOLOGIES, INC. and REMOTE COMPUTER OBSERVATION & MONITORING LLC (d/b/a REMOTECOM), | : | |
| Defendants. | : | |
| HELIOS SOFTWARE, LLC and PEARL SOFTWARE, INC., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 12-081-LPS |
| SPECTORSOFT CORPORATION, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington, this **19th** day of **December, 2013**:

Pending before the Court is Defendant SpectorSoft Corporation ("SpectorSoft") and Defendants Awareness Technologies, Inc. and Remote Computer Observation & Monitoring LLC's (d/b/a Remotecom) (collectively "Awareness") Motions for Leave to Amend their Responsive Pleading to Add a Counterclaim and Defense of Inequitable Conduct. (C.A. No. 12-081-LPS D.I. 164; C.A. No. 11-1259-LPS D.I. 120)[1] For the reasons set forth below, the Court will GRANT Defendants' motions.

---

[1] All citations to the record are in C.A. No. 12-081 unless otherwise indicated.

1. Plaintiffs Helios Software, LLC and Pearl Software, Inc. ("Plaintiffs") filed a patent infringement action against Awareness (C.A. No. 11-1259-LPS) on December 19, 2011. Plaintiffs filed a patent infringement action against SpectorSoft (C.A. No. 12-081-LPS) on January 26, 2012. In both lawsuits, Plaintiffs accuse Defendants of infringing three U.S. Patents: (1) U.S. Pat. No. 6,978,304 (the "'304 patent"); (2) U.S. Pat. No. 7,634,571 (the "'571 patent"); and (3) U.S. Pat. No. 7,958,237 (the "'237 patent") (collectively "the patents-in-suit"). Both cases have been consolidated for discovery purposes.

2. The deadline for the parties to move for leave to amend their pleadings was July 13, 2012. (D.I. 25)

3. On April 5, 2013, the Court extended the close of fact discovery to June 28, 2013, for the limited purposes of allowing compliance with the Court's Orders regarding service of Plaintiffs' supplemental infringement contentions and Defendants' non-infringement contentions, scheduling depositions already noticed, and supplementing discovery responses. (D.I. 161) Joint status reports regarding a trial schedule were filed on October 28, 2013. (C.A. No. 11-1259 D.I. 162; C.A. No. 12-081 D.I. 278)

4. On April 9, 2013, SpectorSoft filed its Motion for Leave to Amend its Responsive Pleading to Add a Counterclaim and Defense of Inequitable Conduct. (D.I. 164) On April 30, 2013, Awareness filed its Motion for Leave to Amend its Answer, Special Defenses and Counterclaims to add a Counterclaim and Special Defense of Inequitable Conduct. (C.A. No. 11-1259-LPS D.I. 120) The "grounds for [Awareness's] motion in this case are identical to those set forth by SpectorSoft." (Id.)

5. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Good cause is present when the

schedule cannot be met despite the moving party's diligence. *See Leader Techs., Inc. v. Facebook, Inc.*, 2010 WL 2545959, at *3 (D. Del. June 24, 2010). Pursuant to Federal Rule of Civil Procedure 15, courts generally grant motions to amend absent a showing of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

6. SpectorSoft states that it could not have amended its answer to plead the requirements of inequitable conduct in time to comply with the deadline in the Scheduling Order and argues this constitutes good cause for its requested post-deadline amendment. In particular, according to SpectorSoft, it was only during the March 2013 depositions of Joseph Field and David Fertell, inventors of the '237 patent, that SpectorSoft learned that the inventors allegedly withheld material prior art from the Patent and Trademark Office ("PTO") that would have precluded patentability had they disclosed it consistent with their duty of candor. (*See* D.I. 164 at 10) The Court agrees that SpectorSoft has shown "good cause."

7. Helios has failed to show undue delay, bad faith, or dilatory motive on SpectorSoft's part. SpectorSoft diligently pursued the legal theory of inequitable conduct and filed its motion in April 2013, barely a month after it deposed Field and Fertell. (*Id.*) It would have been nearly impossible for SpectorSoft to know Field and Fertell's thoughts on the similarities between the '237 patent and the Cyber Snoop Products prior to the March depositions.

8. Further, the Court disagrees with Helios' assertion that Defendants' claims, taken as true (as they must be at this point), are futile (putting aside whether they are likely to be proven) for failing to meet the pleading standard under Rule 9(b). Defendants have provided factual support for the allegations that Field and Fertell deliberately withheld information relating

to the Cyber Snoop Products from the PTO despite knowing that the supposedly novel features claimed in the '237 patent were embodied by those products. Thus, Defendants have identified specific individuals "associated with the filing and prosecution of a patent application" and have provided factual support for the allegation that these individuals "failed to disclose material information" to the PTO. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009). Defendants have also pled sufficient facts showing that the inventors were aware of their obligation to disclose all material prior art to the PTO. (D.I. 164 at 17) This fact, coupled with the inventors' deposition testimony regarding the functionality of the Cyber Snoop Products, provides sufficient factual support for a reasonable inference that the inventors made this misrepresentation "with a specific intent to deceive the PTO." *Id.*

9.      Finally, the Court perceives no basis for finding that Helios will be unduly prejudiced by the grant of Defendants' motions. Trial in this case has not yet been scheduled and is likely several months away.

Accordingly, IT IS HEREBY ORDERED THAT:

A.      SpectorSoft's motion (D.I. 164) is **GRANTED**. SpectorSoft shall, within seven (7) days of the date of this order, file an amended answer in substantially the form it has proposed (*see* D.I. 164 Ex. A).

B.      Awareness's motion (C.A. No. 11-1259-LPS D.I. 120) is also **GRANTED**. Awareness shall, within seven (7) days of the date of this order, file an amended answer in substantially the form it has proposed (*see* C.A. No. 11-1259-LPS D.I. 121 Ex. A).

_____
UNITED STATES DISTRICT JUDGE