IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELIOS SOFTWARE, LLC and PEARL SOFTWARE, INC., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 11-1259-LPS |
| AWARENESS TECHNOLOGIES, INC. and REMOTE COMPUTER OBSERVATION & MONITORING LLC (d/b/a REMOTECOM), | : | |
| Defendants. | : | |
| HELIOS SOFTWARE, LLC and PEARL SOFTWARE, INC., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 12-081-LPS |
| SPECTORSOFT CORPORATION, | : | |
| Defendant. | : | |

### MEMORANDUM ORDER

At Wilmington, this **5th** day of **March, 2014**:

Pending before the Court is Plaintiffs Helios Software, LLC and Pearl Software, Inc. (collectively, "Helios" or "Plaintiffs") Motion for Reargument on or Reconsideration of the Constructions of Real-time Terms (the "Reargument Motion"). (C.A. No. 11-1259 D.I. 177; C.A. No. 12-081-LPS D.I. 291) By its Reargument Motion, Plaintiffs ask the Court to reconsider its construction of certain "real-time" terms in its December 19, 2013 Memorandum Opinion and Order. (*See id.* at 2) Plaintiffs' Reargument Motion is DENIED.

I.  **LEGAL STANDARDS**

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F.Supp.2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F.Supp.2d 293, 295 (D. Del. 1998); *Brambles*, 735 F.Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F.Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F.Supp.2d at 295.

II.  **DISCUSSION**

In its Memorandum Opinion, the Court construed the "real-time" terms as:

| | |
|---|---|
| **Court's Construction** | *in real-time*: "instantaneously or without perceptible delay." Transferring data *in real-time* means that data is transferred substantially immediately as events occur and delivered to the recipient so that there is little or no perceptible delay. *real-time*: "instantaneous or without perceptible delay" *real-time data*: "data that is transferred instantaneously as external events occur" Receiving *real-time data* means that data transmitted from and received at the local user computer is received at the remote computer with little or no perceptible delay. |

(D.I. 167 at 12) In its Reargument Motion, Helios argues that the Court erred in its construction of the "real-time" terms in two aspects. First, Helios contends that construing "real-time data" based upon statements made during prosecution about "transferring data in real-time" reflects the Court's misapprehension of the prosecution history. (D.I. 291 at 3) Second, Helios argues that the Court clearly erred by construing "real-time" as "instantaneous or without perceptible delay." (*Id.*) According to Helios, this limitation was "drawn entirely from an extrinsic, non-technical dictionary" and is contradicted by the intrinsic record.

### A. "Real-time data" may not be cached or stored data

In its Memorandum Opinion, the Court found that "data that has been cached or stored in memory" is not "real-time data." (D.I. 286 at 13) Plaintiffs argue that in coming to this conclusion, the Court improperly relied on prosecution history that related to *transfer* of data in real-time, not "real-time data" itself. However, the Court looked at the intrinsic record as well as expert testimony distinguishing between cached and real-time data and determined that cached or stored data was something distinct from real-time data. (*E.g.*, Pls. Expert Report on Validity ¶ 35 ("The '571 patent described a method of sending *cached and real-time data* to the monitoring server.") (emphasis added). Moreover, as the Court noted in its Memorandum Opinion:

> During prosecution of the '571 Patent, the PTO rejected claims 1 and 2 for lack of novelty in light of U.S. Patent No. 5,809,250 to Kisor. Applicants overcame that rejection by representing to the PTO that Kisor taught communicating a "session file" and did not teach "transferring data in real-time." Applicants defined "session file" as including "information from stored files, i.e. prerecorded files stored in a cache memory . . . ." Furthermore, when traversing a non-obviousness rejection over U.S. Patent No. 6,438,695 to Maufer, Applicants argued that Maufer only taught transmission of data in real-time. Here, Applicants argued that transmission of data in real-time was different from "storage of data prior to transmission of said data to destination and law enforcement computer.

(D.I. 286 at 13) It was not improper for the Court to look to prosecution history discussing "transferring data in real-time" to help it construe the "real-time data" term. None of the "new evidence" that Plaintiffs cite show that the Court misapprehended what was in the intrinsic record.

B. The "instantaneous" limitation is supported by intrinsic and extrinsic evidence

Plaintiffs next argue that the "instantaneous" limitation present in all the "real-time" terms is not supported by the intrinsic record. (D.I. 291 at 3) Plaintiffs provide new evidence in the form of Defendant's expert's testimony to suggest that "transfer of data in real-time" means "transfer before events become obsolete, remote in time, or historical." (*Id.* at 8-9) However, the Court did not look exclusively to external sources when it considered the "instantaneous" limitation, but instead found support in the specification of the '571 Patent. The specification discusses "mirror[ing] the communication to a monitor-computer" ('571 Pat. 1:32-33); an

4

ordinary understanding of the term "mirror" supports the "instantaneous" limitation. Plaintiff's new extrinsic expert testimony does not alter this conclusion.

 

_____
UNITED STATES DISTRICT JUDGE